FILED'08 SEP 24 15:02USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JAMES L. THORNTON,**

        Plaintiff,

v.

**BNSF RAILWAY COMPANY,**

        Defendant.

Case Number CV 08-450-CL

**ORDER**

CLARKE, Magistrate Judge.

    Plaintiff James L. Thornton has filed this action under the Federal Employer's Liability Act, 45 U.S.C. § 51 et seq., alleging claims for negligence and cumulative trauma. He also alleges violation of the Safety Appliance Act, 49 U.S.C. § 20301 et seq. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 45 U.S.C. § 56. The parties have executed written consents for entry of judgment by a magistrate judge (#11). 28 U.S.C. § 636(c). The parties have submitted written materials concerning the issue of whether plaintiff must disclose his mental health records and, on August 12 and September 16, 2008, telephone conferences were held. For the reasons explained below, plaintiff's mental health records are not subject to discovery and the subpoenas issued for the records are quashed.

Page 1 - ORDER

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) provides the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The information need not be admissible at trial if it appears "reasonably calculated to lead to the discovery of admissible evidence." FRCP 26(c) authorizes the court to prevent or limit discovery for "good cause" to protect a party or person from "annoyance, embarrassment, oppression or undue burden or expense." FRCP 45(c)(3)(A)(iii) allows the court to quash a subpoena that requires disclosure of privileged information.

Defendant served subpoenas on two mental health providers who did not respond and have now provided the court with declarations discussing in part the danger of disclosure of their treatment records concerning plaintiff. Plaintiff received psychiatric care from Dr. Sharon Melnick from June 2000 through July 2001 and from Vard Miller MSW, Lc.SW, from June 2000 through the present. According to Ms. Miller, the latter treatment is mainly in groups and "primarily involves the effects of Viet Nam experiences on these veterans." Plaintiff contends his mental health records at issue are privileged and not subject to discovery. In federal question cases, the law of privilege is governed by federal common law as interpreted by the courts of the United States. Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367 n.10 (9th Cir. 1992). The Supreme Court recognized the psychotherapist-patient privilege in Jaffee v. Redmond, 518 U.S. 1, 15 (1996).

Defendant contends that the mental health records are relevant to plaintiff's future lost income claim in that they relate to work life expectancy. Defendant points to references in the VA records and Klamath Family Practice records from 2002 and 2003 where plaintiff

Page 2 - ORDER

complained of increased stress from work and mentioned a desire to quit because of the stress. Defendant further argues that any privilege has been waived by references to plaintiff's mental health condition and treatment in the above records that have already been produced by plaintiff.

Relevancy is not the proper test as explained in Jaffee as follows:

> Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege. As we explained in Upjohn [Co. v. United States, 449 U.S. 383 (1981)], if the purpose of the privilege is to be served, the participants in the confidential conversation "must be able to predict with some degree of certainty whether particular discussions will be protected. An uncertain privilege, or one which purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all." 449 U.S. at 393 [].

518 U.S. at 17.

The court in EEOC v. Serramonte, 237 F.R.D. 220, 224 (N.D. Cal. 2006), which also involved the discovery of mental health records, similarly stated: "The test of whether Defendants should obtain access to Ms. Wei's medical records is not relevance--the records may be highly relevant--but the test is whether the privilege has been waived by putting the privileged information 'at issue.'" The court went on to state, "[t]he test also no longer involves balancing privacy against such factors as the usefulness of the evidence or a defendant's need for it," id., citing Fritsch v. City of Chula Vista, 187 F.R.D. 614, 625-26, modified, 196 F.R.D. 562 (S.D. Cal. 1999), which relied on Jaffee. The test, therefore, in this case is whether plaintiff has waived the privilege by putting his mental health records "at issue." Tran v. Tyco Elects. Corp., No. 06-CV-1810-BR, 2008 WL 2037279, *2 (D. Or. May 7, 2008) (and cases cited). The court in Tran found that plaintiff had put her mental health records at issue by alleging a damage claim for emotional distress. Id. In his Second Amended Complaint, plaintiff has dropped any claim

Page 3 - ORDER

for emotional distress damages. The court does not find that plaintiff has put his mental health records at issue by alleging a permanent injury or future lost income claim. Defendant cites Rose v. Vermont Mutual Insurance Co., No. 1:06-CV-211, 2007 WL 3333394 (D. Vt. Nov. 8, 2007), which the court finds is not persuasive. The court in Rose relied on a Vermont Supreme Court case when it stated, "Plaintiff has waived her psychotherapist-patient privilege by commencing a personal injury action and claiming damages for lost income, lost earning capacity and activity impairment." At *2. Further, plaintiff in Rose did allege a claim for emotional distress. This is not federal law in the Ninth Circuit. Filing a personal injury case does not itself waive the privilege and this court is not aware of any authority in the Ninth Circuit that an allegation of permanent injury and future wage loss alone puts mental health records at issue, even if they are relevant. Because relevancy is not the test, an *in-camera* review by the court is not needed.

The court further does not find that plaintiff has intentionally waived the privilege by producing VA records in response to a discovery request that contain references to mental health treatment. Waiver involves the intentional waiver of a known right. adidas-America, Inc. v. Payless Shoesource, Inc., 546 F. Supp. 2d 1029, 1074 (D. Or. 2008) (and cases cited). The court does not find a waiver in this case.

The mental health records at issue are privileged and have not been put at issue by plaintiff. The records are therefore not subject to discovery and the subpoenas at issue shall be quashed.

## ORDER

Based on the foregoing, the court orders that defendant's request for discovery of plaintiff's mental health records is denied and the subpoenas issued for the records are quashed.

IT IS SO ORDERED.

DATED this 24 day of September, 2008

_____
UNITED STATES MAGISTRATE JUDGE